**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

FRANCISCO C. HERRERA                    CIVIL ACTION NO. 26-0030

                                        SECTION P
VS.
                                        JUDGE JERRY EDWARDS, JR.

WARDEN                                  MAG. JUDGE KAYLA D. MCCLUSKY

### REPORT AND RECOMMENDATION

Petitioner Francisco C. Herrera, a convicted state inmate confined at Riverbend Detention

Center who proceeds pro se and in forma pauperis, petitions the Court for a writ of habeas corpus

under 28 U.S.C. § 2241.[1]  For reasons that follow, the Court should deny this petition for lack of

subject matter jurisdiction.

### Background

Petitioner was convicted on a state charge(s)[2] in the 14th Judicial District Court, Parish of

Calcasieu.  [doc. # 4, p. 1].  He was sentenced on March 28, 2024.  *Id.*  Here, however, Petitioner

specifically challenges a federal immigration detainer, as well as the consequences of the

detainer, which he states was lodged prior to his state conviction.  *Id.* at 2.

Petitioner filed this petition on approximately January 2, 2026.  He claims that due to his

immigration detainer, he was unable "to make bail and fight off the allegations in a just, fair, and

impartial way . . . ."  [doc. # 4, p. 6].  He suggests that because of the detainer, he was unable to

make bail and secure effective counsel and obtain other information to contest his state court

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636, and the standing orders of the Court.

[2] Petitioner does not specify how many charges he had.

charge.  *Id.*  He also claims that he was not informed of a reason for his detainer and that he lacked counsel in "immigration proceedings."  *Id.* Finally, he states that he was not read his "rights" by the State or by Immigrations and Customs Enforcement prior to his detainer.  *Id.* at 7.

For relief, Petitioner seeks "resolution of [the] detainer[.]"  [doc. # 4, p. 7].  He also asks the Court to "consider": (1) reinstating his temporary protected status; (2) his application for citizenship; and (3) "Presidential-Legal status given by President Trump to all-whom been [sic] in the U.S.A. for 10 years or more."  *Id.*

## Law and Analysis

The Court lacks subject matter jurisdiction over Petitioner's challenge to his federal immigration detainer (and his claims derived therefrom).  "For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge."  *Zolicoffer v. U.S. Dep't of Just.*, 315 F.3d 538, 540 (5th Cir. 2003) (quoting *Pack v. Yusuff,* 218 F.3d 448, 454 n. 5 (5th Cir.2000)). "[P]risoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS[3] has lodged a detainer against them."  *Id.* (footnote added)  "Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution."  *Giddings v. Chandler,* 979 F.2d 1104, n.3 (5th Cir.1992).

Here, Petitioner is not in immigration custody; he is in state custody.  Accordingly, the Court should dismiss this petition.  *See Zamarripa-Torres v. Bureau of Immigr. & Customs Enf't*, 347 F. App'x 47, 48 (5th Cir. 2009); *Garcia-Perez v. Guerra*, 2022 WL 22608252, at *5 (S.D.

---

[3] INS refers to the Immigration and Naturalization Service, the predecessor to Immigration and Customs Enforcement ("ICE").

Tex. May 3, 2022), *report and recommendation adopted,* 2022 WL 22608253 (S.D. Tex. June 14, 2022); *Salazar Zavala v. Davis*, 2018 WL 4906317, at *2 (S.D. Tex. Aug. 20, 2018).

<u>Recommendation</u>

For the reasons above, IT IS RECOMMENDED that Petitioner Francisco C. Herrera's petition be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of February, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge